UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of
**GEORGE L. RUSSELL, III**
United States District Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-4055

August 7, 2013

MEMORANDUM TO PARTIES RE:    <u>Cliffton L. Johnson v. CSX Transportation, Inc.</u>
Civil Action No. GLR-13-161

Dear Parties:

Pending before the Court is Defendant CSX Transportation, Inc.'s ("CSXT") Motion for Summary Judgment. (ECF No. 18). The Court, having reviewed the pleadings and supporting documents, finds no hearing necessary pursuant to Local Rule 105.6 (D.Md. 2011). CSXT's Motion will be granted because there is no indication in the record that the arbitration board acted inappropriately.

CSXT consists of a compilation of several former railroads. (Def.'s Mem. Supp. Mot. Summ. J. ["Def.'s Mot."] at 2, ECF No. 18-1). Its labor relations are governed by the Railway Labor Act ("RLA"), 45 U.S.C. § 153 (2012). (<u>Id.</u>) During the time period relevant to this Motion, CSXT employed Plaintiff Cliffton Johnson as a locomotive engineer. (Compl. at 3,[1] ECF No. 1). CSXT avers that on June 7, 2008, Mr. Johnson violated Operating Rule 89 by operating his train in a supervised portion of track without first receiving permission from the employee-in-charge. (Compl. at 3; Def.'s Mot. at 2). Following a formal investigation of the matter, CSXT dismissed Mr. Johnson from service. (Def.'s Mot. Ex. B, at 92, ECF No. 18-4).

Mr. Johnson, represented by his union, the Brotherhood of Locomotive Engineers and Trainmen ("BLET"), appealed his discharge before an arbitration panel referred to as Public Law Board ("PLB") No. 7380. (<u>See</u> Def.'s Mot. Ex. A, ECF No. 18-3). On June 21, 2010, the PLB convened a hearing on the appeal and, at the conclusion of the hearing, it issued an oral decision reinstating Mr. Johnson to his position with CSXT.[2] (Def.'s Mot. Ex. B, at 173). On January 25, 2011, the PLB issued its written decision reinstating Mr. Johnson, but concluding that he did violate the CSXT operating rule and that CSXT's investigation into the incident afforded Mr. Johnson appropriate due process. (<u>Id.</u> at 177). The PLB also concluded that Mr. Johnson's reinstatement would be without back pay. (<u>Id.</u> at 178-79).

On January 24, 2013, Mr. Johnson, proceeding pro se, filed a Complaint in this Court seeking a review of the PLB decision and recovery of all benefits and monetary losses related to his uncompensated departure from CSXT or, in the alternative, to have the case remanded to the PLB

---

[1] All page numbers refer to CM ECF pagination.
[2] CSXT discharged Mr. Johnson from June 19, 2008, through August 17, 2010. (Compl. at 2).

for further proceedings. (Compl. at 2). CSXT now moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

Under Rule 56, the Court must grant summary judgment if the moving party demonstrates that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a). In reviewing a motion for summary judgment, the Court views the facts in a light most favorable to the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). Once a motion for summary judgment is properly made and supported, the opposing party has the burden of showing that a genuine dispute exists. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).

The Court finds that CSXT is entitled to judgment as a matter of law because there is no basis upon which the Court may vacate the PLB's decision. Arbitration awards administered pursuant to the RLA are "final and binding" on the parties. 45 U.S.C. § 153 First (m). Therefore, judicial review of such awards are "among the narrowest known to the law." Union Pac. R.R. Co. v. Sheehan, 439 U.S. 89, 91 (1978) (citation and internal quotation marks omitted). Under this standard, judicial review of the PLB's decision is limited to three inquiries, whether the board: (1) failed to comply with the RLA; (2) failed to conform, or confine, itself to matters within the scope of its jurisdiction; or (3) engaged in fraud or corruption. See 45 U.S.C. § 153 First (q); Sheehan, 439 U.S. at 93; Norfolk & W. R.R. Co. v. Transp. Commc'ns Int'l Union, 17 F.3d 696, 699 (4th Cir. 1994). A court "may not overrule an arbitrator's decision simply because it believes its own interpretation of the contract would be the better one." Norfolk, 17 F.3d at 700 (citation and internal quotation marks omitted).

The only argument Mr. Johnson propounds that is attributable to the PLB is that it failed to comply with the RLA and committed fraud by willfully and deliberately disregarding competent testimony as well as relevant evidence.[3] (Pl.'s Opp'n to Def.'s Mot. Summ. J. ["Pl.'s Opp'n"] at 4, ECF No. 20). Namely, Mr. Johnson avers that the PLB suppressed the truth by ignoring Mr. Mszaneckj's alleged testimony that he did indeed give Mr. Johnson permission to proceed on the day in question. (Id.) Under the deferential standard of review the Court must utilize, however, the Court may not "evaluate the [RLB's] factual findings or legal analysis." Richmond, Fredericksburg & Potomac R.R. Co. v. Transp. Commc'ns Int'l Union, 973 F.2d 276, 281 (4th Cir. 1992) (citation omitted). The PLB made its credibility determinations based upon the evidence before it and decided to adopt CSXT's version of events. (See Def.'s Mot. Ex. B, at 178). Contrary to Mr. Johnson's averments, there is no evidence in the record that the PLB failed to comply with the RLA or committed fraud in reaching its conclusion. Therefore, CSXT is entitled to judgment as a matter of law.

---

[3] Mr. Johnson makes several other claims regarding alleged improprieties at the CSXT hearing level, which includes falsification of the hearing transcript and the failed appearance of key witnesses. (See Pl.'s Opp'n at 7-10). The Court will not consider these claims, however, because the alleged improprieties germane to this Motion are that of the PLB, not CSXT or its employees.

For the aforementioned reasons, CSXT's Motion for Summary Judgment (ECF No. 18) is GRANTED. Judgment is entered in favor of CSXT against Mr. Johnson.

Despite the informal nature of this memorandum, it shall constitute an Order of this Court, and the Clerk is DIRECTED to docket it accordingly. The Clerk is also DIRECTED to mail a copy of this Order to Mr. Johnson at his address of record and CLOSE this case.

Very truly yours,

/s/
George L. Russell, III
United States District Judge